UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SALLY PILLITIERI,

    Plaintiff,

v.                                          Case No. 3:16-cv-1121-J-34PDB

CITY OF FLAGLER BEACH,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 6; Motion), filed on September 14, 2016. On November 4, 2016, Plaintiff Sally Pillitieri (Pillitieri) filed her Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. No. 12; Response). Accordingly, this matter is ripe for review.

**I.    Background[1]**

Pillitieri is an individual who owns real property in Flagler Beach, Florida (the Subject Property). Complaint (Doc. No. 2; Complaint) ¶ 2. Defendant, the City of Flagler Beach (the City), is a "municipality organized under the laws of the state of Florida." Id. ¶ 3. In the Complaint, Pillitieri alleges that, on or about April 22, 2014, the City issued a building permit for the Subject Property. Id. ¶ 5. Soon thereafter, on April 28, 2014, Pillitieri commenced work on the Subject Property. Id. ¶ 6. Then, on May 8, 2014, the City issued

---

[1] In considering the Motion, the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the complaint, and may well differ from those that ultimately can be proved.

-1-

a stop work order stating that the April 22, 2014 building permit had been "Issued in Error[.]" See id. ¶ 7; see also Motion at 1. According to Pillitieri, "[t]he stop work order was entered in retaliation against [Pillitieri] under the pretenses of construction design allegedly violating a setback ordinance." Complaint ¶ 8. Pillitieri further alleges that she spent the next several months attempting to obtain a variance from the City to continue work on the Subject Property as planned. Id. ¶ 9. However, her efforts were unsuccessful, and Pillitieri ultimately paid an additional $115,787.85 in construction costs and expenses for "design alterations and repair work" resulting from the City's revocation of the permit. Id. ¶ 11. Pillitieri represents that, at some point, the City offered to compensate her for the costs incurred in reliance on "[the City's] issuance of [the] initial building permit." See id. ¶ 10.

On August 1, 2016, Pillitieri filed the Complaint in state court. See generally Notice of Removal (Doc. No. 1; Notice of Removal), Exhibit 1: State Court Record. In the Complaint, Pillitieri asserts a claim for "damages" (Count I), a claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution (Count II), and a claim under § 1983 for violation of procedural due process, also pursuant to the Fifth and Fourteenth Amendments (Count III).[2] See generally Complaint at 2-4. On September 6, 2016, the City filed its Notice of Removal

---

[2] In the Complaint, Pillitieri references claims arising under the Fifth Amendment; however, she does not identify or rely upon any rights guaranteed by that amendment. Instead, Pillitieri alleges violations of her rights to due process and equal protection. See generally Complaint. "The Fourteenth Amendment protects those rights from violation by state governments, whereas the Fifth Amendment protects those rights, among others, from infringement by the federal government." Davis v. Self, 960 F. Supp. 2d 1276, 1303 (N.D. Ala. 2013) (citing Dusenbery v. United States, 534 U.S. 161, 167 (2002)). Here, the City is not a federal government actor. Accordingly, to the extent Pillitieri bases her claims against the City on the Fifth Amendment, such claims are due to be dismissed. See, e.g., Arrington v. Dickerson, 915 F. Supp. 1503, 1507 n. 3 (M.D. Ala. 1995) (noting that the plaintiff's complaint failed to state any claim arising under the Fifth Amendment "because the due process clause of the Fifth Amendment does not apply to state or local governmental actors").

removing this case from the Circuit Court of the Seventh Judicial Circuit in and for Flagler County, Florida, to this Court. See Notice at 1; Complaint at 1. Subsequently, on September 14, 2016, the City filed the instant Motion. See Motion at 1.

**II.    Standard of Review**

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or

legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).[3]

## III. Analysis

### A. Count I: Damages

In Count I of the Complaint, Pillitieri requests "damages and attorneys' fees pursuant to 42 U.S.C. [§] 1983 and 42 U.S.C. § 1988." Complaint ¶ 13. The City construes this claim as one asserting a "regulatory taking" or a claim of "inverse condemnation" and argues that Pillitieri fails to state a claim as to either. See Response at 3-4. In the Response, Pillitieri states that "she has not alleged a claim under either cause of action and has instead chosen to seek damages pursuant to section(s) 1983 and 1988 for deprivation of procedural due process and equal protection rights." Response at 5.

---

[3] In the Motion, Pillitieri argues that because she pleaded the Complaint under state pleading standards before it was removed to federal court, the federal pleading standard does not apply and the Complaint's sufficiency must instead be evaluated using standards of state law. See Response at 1-3 (citing Maddox v. Ga. Dep't of Human Servs. Div. of Family & Children Servs., No. 1:10-CV-2742-TWT, 2010 WL 4810286 (N.D. Ga. Nov. 19, 2010)) (finding that, in spite of removal, "state law governs the pleading requirements with respect to the Complaint"). However, pursuant to Federal Rule of Civil Procedure (Rule(s)) 81(c)(1), the Federal Rules "apply to a civil action after it is removed from state court." Rule 81(c)(1). Indeed, although Pillitieri cites a handful of cases which purportedly support her position, see Response at 1-2, the majority of courts appear to agree that federal pleading standards apply to removed complaints, see, e.g., Jaggars v. City of Sheffield, Ala., No. 3:14-CV-158-TMP, 2014 WL 2123210, at *3 n. 4 (N.D. Ala. May 21, 2014) (memorandum opinion) (collecting cases). "Thus, contrary to [Pillitieri's] assertion, the pleading standard required to survive Rule 12(b)(6), as set forth in [Iqbal and Twombly], applies to [Pillitieri's] [C]omplaint upon removal." See Cooper v. Marten Transp., Ltd., No. 1:10-CV-3044-AT, 2014 WL 11517830, at *2 n. 6 (N.D. Ga. May 23, 2014) (collecting cases). Significantly, Pillitieri also cites the federal pleading standard and argues her Complaint has met it. See Response at 3.

Notably, in Count II, Pillitieri asserts a violation of her right to equal protection pursuant to § 1983, and in Count III she asserts a violation of her right to procedural due process pursuant to § 1983. As such, her claims for damages or attorneys' fees in Count I pursuant to § 1983 are redundant and due to be dismissed. To the extent Pillitieri suggests that § 1988 provides an independent basis for additional relief, she is mistaken. Section 1988 authorizes a court to award attorneys' fees to a successful § 1983 plaintiff. See 42 U.S.C. § 1988(b). However, the Eleventh Circuit has unequivocally held, "[s]ection 1988 does not create an independent cause of action for deprivation of constitutional rights . . .". McLaughlin v. City of LaGrange, 662 F.2d 1385, 1388 n. 1 (11th Cir. 1981) (per curiam) (citing Harding v. Am. Stock Exch., Inc., 527 F.2d 1366 (5th Cir. 1976)[4]); see also Estes v. Tuscaloosa Cnty., Ala., 696 F.2d 898, 900 (11th Cir. 1983) (per curiam). Additionally, requests for attorneys' fees do not constitute a separate cause of action. See generally Cook v. Campbell, 482 F. Supp. 2d 1341, 1353 n. 5 (M.D. Ala. 2007). Rather, Pillitieri's request for attorneys' fees pursuant to § 1988 is appropriately included as part of Pillitieri's prayers for relief in Counts II and III, not as a separate claim. See id. As such, the Court finds that – as a separate count – Count I is due to be dismissed as unnecessary and redundant.

### B. Count II: Equal Protection

In Count II of the Complaint, Pillitieri alleges that, in revoking her building permit, the City acted under color of state law and deprived her of constitutionally protected property

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

rights.[5] See Complaint ¶¶ 18-19. She further asserts that, in doing so, the City "treated [her] different[ly] than similarly situated applicants whose building permits were issued and maintained notwithstanding the fact that said permits were supported by far less evidence of compliance." Id. ¶ 21. In the Motion, the City notes that to establish that "she was treated differently from similarly situated individuals, a plaintiff generally must identify comparators." Motion at 5 (quoting Decker v. Citrus Cnty., No. 5:15-CV-24-OC-30PRL, 2015 WL 6956545, at *4 (M.D. Fla. Nov. 10, 2015)) (citing Crystal Dunes Owners Ass'n Inc. v. City of Destin, Fla., 476 Fed. Appx. 180, 184-85 (11th Cir. 2012)). Because Pillitieri has not done so, the City argues that Count II should be dismissed. See id. at 6. In response, Pillitieri contends that the Complaint contains the factual elements necessary to sustain a cause of action by virtue of the inclusion of the allegation that the City treated her differently as compared to similarly situated applicants. See Response at 6.

The Fourteenth Amendment to the United States Constitution provides, in pertinent part: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. This clause is commonly referred to as the Equal Protection Clause and "is essentially a direction that all persons similarly situated should be treated alike." Alamo Rent-A-Car, Inc. v. Sarasota-Manatee Airport Auth., 825 F.2d 367, 369 (11th Cir. 1987); see also Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (explaining that "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's

---

[5] Pillitieri also alleges that the City "maintained an official policy or custom that was the moving force" behind its decision to revoke her permit. Complaint ¶ 20. Because municipalities can only be sued under § 1983 for their own unconstitutional or illegal policies, "a claim against a municipality under § 1983 must be predicated upon an injury inflicted by governmental policy or custom constituting 'official policy.'" See Hudson v. City of Riviera Beach, 982 F. Supp. 2d 1318, 1327 (S.D. Fla. 2013) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978)). Notably, however, Pillitieri does not identify what the "official policy or custom" is in this case.

jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents") (citation and internal quotation marks omitted); Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1313 (11th Cir. 2006). Thus, "[d]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause." E & T Realty v. Strickland, 830 F.2d 1107, 1109 (11th Cir. 1987); Campbell, 434 F.3d at 1314.

To prevail on an equal protection claim under § 1983 – in particular a "selective enforcement" claim – a plaintiff must show: "(1) that [she was] treated differently from other similarly situated individuals, and (2) that [the d]efendant unequally applied a facially neutral ordinance for the purpose of discriminating against [the p]laintiff[.]" Campbell, 434 F.3d at 1314 (citing Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996)). As the parties note, see Motion at 5; Response at 6, the Supreme Court has held that the Equal Protection Clause is implicated in "class of one" claims "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Campbell, 434 F.3d at 1314 (quoting Vill. of Willowbrook, 528 U.S. at 564). Consistent with this authority, the Eleventh Circuit has determined that, with respect to the similarly situated requirement, "class of one plaintiffs may [at the motion to dismiss stage] fairly be required to show that their professed comparison is sufficiently apt." See Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007) (citations and internal quotations omitted) (collecting cases). As such, to state a valid "class of one" claim, a plaintiff must "allege at least one similarly situated comparator." See, e.g., Eisenberg v. City of Miami Beach, 1 F. Supp. 3d 1327, 1342 (S.D. Fla. 2014); see also id. at 1340 (collecting Eleventh Circuit precedent for the proposition

that "[c]lass of one equal protection claims generally require plaintiffs to identify comparators in the pleading . . .").

In pleading the existence of a similarly situated comparator, a "class of one" plaintiff must also demonstrate that any comparator is "very similar indeed[,]" such that a plaintiff "might fail to state a claim by omitting key factual details in alleging that it is 'similarly situated' to another." See Griffin Indus., 496 F.3d at 1205 (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998)) (further noting that "[b]are allegations that 'other' applicants, even 'all other' applicants, were treated differently do not state an equal protection claim . . .") (additional citations omitted). Indeed, to be similarly situated in a "class of one" claim, a comparator must ultimately be "prima facie identical in all relevant respects." Campbell, 434 F.3d at 1314. Where a plaintiff has not demonstrated that a comparator was similarly situated in all relevant respects, dismissal is appropriate. See, e.g., Decker v. Citrus Cnty., 183 F. Supp. 3d 1203, 1205 (M.D. Fla. 2016).

Here, Pillitieri's Complaint contains a single boilerplate reference to "similarly situated applicants." See Complaint ¶ 21. Specifically, Pillitieri alleges that she was treated differently than these other applicants "notwithstanding the fact that [their] permits were supported by far less evidence of compliance." Id. She provides no specificity regarding any of the alleged "similarly situated applicants." Indeed, Pillitieri does not identify a single comparator that was allegedly treated more favorably or even any characteristics of a comparator or a comparator's property. As a result, the City is not afforded fair notice of the factual basis upon which Pillitieri's claims rests – a result which "runs directly counter to basic [federal] pleading requirements[.]" See Anderson v. Greene, No. CIV 05-0393-

WS-M, 2005 WL 3058095, at *5 (S.D. Ala. Nov. 10, 2005).[6] Moreover, Pillitieri has made no effort to establish the similarities between herself and the other applicants, nor has she alleged facts supporting a conclusion that she was treated differently than the other applicants as is necessary to state a claim for relief that is plausible on its face. See Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1275 (11th Cir. 2008) (citation omitted). Because Pillitieri's Complaint contains no more than "naked assertions devoid of further factual enhancement" with respect to this claim, Iqbal, 556 U.S. 678, and does not show that Pillitieri was similarly situated to any other applicant "in light of all the factors that would be relevant to an objectively reasonable governmental decisionmaker," Griffin Indus., 496 F.3d at 1207, the Court concludes that Pillitieri fails to state a claim for a "class of one" equal protection violation under § 1983, and Count II is due to be dismissed.[7]

### C. Count III: Procedural Due Process

In Count III of the Complaint, Pillitieri alleges that, in revoking her building permit, the City acted under color of state law and deprived her of constitutionally protected property rights without due process of law. See Complaint ¶¶ 28-29. Specifically, Pillitieri alleges that the City "did not afford [her] notice or [an] opportunity to be heard prior to revo[king] a legally vested property interest." See id. ¶ 30. The City argues that Count III should be dismissed because Pillitieri does not have a property right in a building permit "issued in error," and that she otherwise failed to pursue available state remedies. See Motion at 7, 9. In response, Pillitieri notes that "[d]ue process is flexible and calls for such

---

[6] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[7] Having determined that dismissal is warranted on this basis, the Court need not consider whether Count II is otherwise deficient.

procedural protections as the particular situation demands[,]" Response at 7 (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)), and contends that the determination of whether she had a vested property right in the permit is a factual question inappropriate for consideration at the motion to dismiss stage of the proceedings, see Response at 7.

A § 1983 action alleging a procedural due process clause violation requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." J.R. v. Hansen, 736 F.3d 959, 965 (11th Cir. 2013); see also Miccosukee Tribe of Indians of Fla. v. United States, 716 F.3d 535, 559 (11th Cir. 2013). The Court first turns to the question of whether Pillitieri sufficiently alleged the existence of a protected property interest in the building permit. "Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Doe v. Fla. Bar, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972)). As such, a property interest requires more than an "abstract need" or "unilateral expectation[.]" See Bd. of Regents, 408 U.S. at 577. Instead, it requires a legitimate claim of entitlement, which is created when "there are such rules or mutually explicit understandings that support [the] claim of entitlement to the benefit" which can be explored in a due process hearing. See Brown v. Ga. Dep't of Revenue, 881 F.2d 1018, 1025 (11th Cir. 1989) (quoting Perry v. Sindermann, 408 U.S. 593, 602 n. 7 (1972)). Put more simply, a person has a legitimate claim of entitlement in a protected property interest only when an abstract property interest becomes a vested right. See generally Restigouche, Inc. v. Town of Jupiter, 59 F.3d 1208, 1211 n. 1 (11th Cir.

1995) (equating "protected property interests" with "vested rights" in the context of a zoning dispute).

With respect to building permits, the Eleventh Circuit recognizes that "Florida courts have consistently held that a landowner has a property right in a building permit 'where the landowner possesses a building permit and where the circumstances that give rise to the doctrine of equitable estoppel are present.'" Reserve, Ltd. v. Town of Longboat Key, 17 F.3d 1374, 1380 (11th Cir. 1994) (quoting City of Hollywood v. Hollywood Beach Hotel Co., 283 So. 2d 867, 869 (Fla. Dist. Ct. App. 1973)); see also Hy Kom Dev. Co. v. Manatee Cnty., 837 F. Supp. 1182, 1187 (M.D. Fla. 1993) (noting the "well established principle that a vested right may be created in a building permit under circumstances which give rise to the doctrine of equitable estoppel"). To invoke the doctrine of equitable estoppel in this context, a property owner must show that he relied (1) in good faith (2) upon a government act or omission and (3) thereafter made a substantial change in position or incurred substantial expense such that it would be "highly inequitable and unjust" to destroy the acquired property right. See Reserve, Ltd., 17 F.3d at 1380 (quoting City of Hollywood, 283 So. 2d at 869). Nevertheless, "a building permit issued in violation of the law or under mistake of fact may be rescinded" even if construction has begun. See Town of Lauderdale-by-the-Sea v. Meretsky, 773 So. 2d 1245, 1247 (Fla. Dist. Ct. App. 2000) (quoting Godson v. Town of Surfside, 8 So. 2d 497, 498 (Fla. 1942)). In other words, when there is no authority to grant a building permit, the government entity that issued it cannot be estopped from subsequently revoking it. See id. at 1249 (citing Ammons v. Okeechobee Cnty., 710 So. 2d 641 (Fla. Dist. Ct. App. 1998)) (additional citations omitted).

Here, Pillitieri alleges that she commenced work on the Subject Property in reliance on the City's issuance of the building permit, and that construction continued over a ten day period before the City issued its stop work order, thereby resulting in $115,787.85 in additional costs and expenses. See Complaint ¶¶ 6-7. As such, it is possible that these circumstances could allow Pillitieri to invoke the doctrine of estoppel. The City contends that, because Pillitieri alleges that the City issued her building permit in error, see id. ¶ 7, the circumstances as pled could not give rise to estoppel, and consequently, the establishment of a vested property right in the building permit. See Motion at 7-9. However, Pillitieri's Complaint is not as unambiguous as the City suggests. She asserts that the City issued a stop work order because the City said the permit was issued in error. See Complaint ¶ 7. But she also alleges that "[t]he stop work order was entered in retaliation against [her] under the pretenses of construction design allegedly violating a setback ordinance." Id. ¶ 8. As such, construing Pillitieri's allegations in the light most favorable to her – as the Court must – it is not clear that she is alleging that the permit was in fact "issued in error."

Assuming that Pillitieri has adequately alleged the deprivation of a constitutionally protected property right, the Court must determine whether she sufficiently alleges constitutionally inadequate process. This is so because, in the context of a procedural due process claim, the constitutional violation is not the deprivation of a protected property interest, but rather "the deprivation of such an interest without the due process of law." See Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga., 633 F.3d 1297, 1316-17 (11th Cir. 2011) (quoting Zinermon v. Burch, 494 U.S. 113, 125 (1990) (emphasis in original)). Consequently, where the state provides an adequate post-deprivation

procedure, there is no procedural due process violation. See Cotton v. Jackson, 216 F.3d 1328, 1330-31 (11th Cir. 2000) (per curiam); see also Goodman v. City of Cape Coral, 581 Fed. Appx. 736, 739 (11th Cir. 2014) (per curiam) (noting that the Eleventh Circuit has "repeatedly articulated the basic rule that a procedural due process violation has not occurred when adequate state remedies are available"). "This rule 'recognizes that the state must have an opportunity to remedy the procedural failings of its subdivisions and agencies in the appropriate fora . . . before being subjected to a claim alleging a procedural due process violation.'" Flagship Lake Cnty. Dev. No. 5, LLC v. City of Mascotte, Fla., 559 Fed. Appx. 811, 814 (11th Cir. 2014) (per curiam) (quoting Cotton, 216 F.3d at 1331).[8] Notably, "to be adequate, the state procedure need not provide all the relief available under [§] 1983." Cotton, 216 F.3d at 1331. Thus, if a plaintiff fails to allege that adequate state remedies were unavailable, or if the plaintiff failed to avail herself of any available remedies, then that plaintiff has failed to state a procedural due process claim. See id.

Under Florida law, decisions regarding building permits are judicial in nature and are therefore entitled to certiorari review by state courts. See Park of Commerce Assocs. v. City of Delray Beach, 636 So. 2d 12, 15 (Fla. 1994); see also Reserve, Ltd. v. Town of Longboat Key, 933 F. Supp. 1040, 1044 (M.D. Fla. 1996). If the state court determines that procedural due process was not accorded, then that court will grant relief by quashing the local order. See Henniger v. Pinellas Cnty., 7 F. Supp. 2d 1334, 1337-38 (M.D. Fla. 1998) (citations omitted); see also Hudson, 982 F. Supp. 2d at 1334 (noting that "no state court procedural-due-process violation can occur unless and until the state has had every procedural opportunity to remedy an alleged deprivation of a protected interest[]" and that

---

[8] Pillitieri's allegation that the City did not afford her notice and an opportunity to be heard prior to the revocation of her building permit, see Complaint ¶ 30, is therefore inapposite.

-13-

a plaintiff's "failure to plead that he attempted to obtain relief from Florida courts but that they somehow violated his procedural due process" dooms the claim as pled).

Here, Pillitieri does not allege that the City failed to provide her with any judicial remedies after the stop work order was issued. See generally Complaint at 4-5. Indeed, Pillitieri could have sought review by the state courts, but she neither asserts that she did or that the Florida courts denied her due process. Accordingly, Pillitieri has failed to plead that the process available to her to remedy any purported property deprivation was insufficient. Thus, even assuming Pillitieri had a vested property interest in the building permit, she has not stated a procedural due process claim under § 1983. As a result, the Court concludes that Count III is due to be dismissed as well.

## IV.     Conclusion

In light of the foregoing, the City's Motion is due to be granted in full.[9]  It is therefore

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 6) is **GRANTED**, and the Complaint (Doc. No. 2) is **DISMISSED**.
2. The Clerk of the Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 1, 2017.

MARCIA MORALES HOWARD
United States District Judge

---

[9]   Pillitieri, who is represented by counsel, has not sought leave to amend or otherwise made any attempt to remedy the pleading deficiencies identified in the Motion. See Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

lc24

Copies to:

Counsel of Record